# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.: 13-CR-173 (CKK)** |
| | : | |
| **LEE A. CALHOUN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## LEE A. CALHOUN'S
## MEMORANDUM IN AID OF SENTENCING

## I.   INTRODUCTION.

On July 8, 2016, Mr. Lee Calhoun will appear before this Court to be sentenced on his plea of guilty to a single misdemeanor offense which guilty plea was accepted by this Honorable Court more than three years ago.   Specifically, on June 20, 2013, Mr. Calhoun entered a plea of guilty to a one count criminal information that charged him with the misdemeanor offense of illegally making campaign contributions in the name of another in violation of 2 U.S.C. §§ 441f and 437g(d)(1)(A)(ii) and Tile 18 U.S.C. § 2.   Because the plea of guilty was made to a misdemeanor, the maximum penalty of incarceration that Mr. Calhoun faces is 12 months.

The issue for the Court to resolve here is what sentence is "sufficient, but not greater than necessary" to comply with the purposes of federal sentencing.   18 U.S.C. § 3553(a).   The answer to that question, it is submitted, is that given Mr. Calhoun's personal characteristics including his age and complete lack of a criminal history, his acceptance of responsibility and his cooperation, no term of imprisonment or supervised release is the appropriate sentence in this case.   In addition, the Court should impose no fine in addition to any statutory minimum that may apply.

## II.   NATURE AND CIRCUMSTANCES OF THE OFFENSE AND HISTORY AND CHARACTERISTS OF THE DEFENDANT.

Mr. Calhoun is a 69-year-old man who is retired and living in Florida.   Other than the misdemeanor offense in the instant case, Mr. Calhoun has never been involved with the criminal justice system and has no criminal record.   As the Presentence Investigation Report makes clear, Mr. Calhoun has no prior criminal convictions, has lived a productive family life and has been employed his entire life including a stint as a professor at Howard University.   His last employer before his retirement was Thompson Cobb Bazilio Associates ("TCBA") in Washington, DC.   It was there that Mr. Calhoun worked with and for Mr. Jeffrey Thompson.

As the Court well knows, Mr. Jeffrey Thompson was a principal at TCBA and the person who hatched the plan to have TCBA employees make illegal campaign contributions which Mr. Thompson then illegally caused to be reimbursed.    Mr. Thompson is "Executive A" as described in the Statement of Offense in Mr. Calhoun's case (Docket No. 7).   Mr. Thompson, as this Court is also well aware, has entered a guilty plea – after Mr. Calhoun's plea and cooperation - admitting to numerous campaign finance violations including illegal conduit contributions *See United States v. Jeffrey E. Thompson*, Case No. 1:14-cr-00049-CKK.   Mr. Calhoun's role in the overall scheme was as one of many conduits, including some TCBA employees, who gave money to candidates selected by Mr. Thompson only to be later reimbursed by Mr. Thompson.   For perspective in this regard, the Court can see that in the Statement of Offense filed in Mr. Thompson's case, Mr. Thompson agreed that between "in or about September 2006 and in or about April 2011, THOMPSON utilized 75 conduits to make contributions to at least 15 mayoral and D.C. Council candidates in excess of at least $500,000." (Statement of Offense in *United States v. Jeffrey E. Thompson*, Case No. 1:14-cr-00049-CKK, paragraph 17, Docket No. 6) Thus, by Mr. Thompson's plea, Mr. Calhoun was one of 75 person used by Mr. Thompson in furtherance of his illegal

campaign financing schemes.

Regardless of the numbers of other involved, the Court should know that Mr. Calhoun has always accepted responsibility for his own actions and does not hereby seek to minimize his behavior. In addition to entering a plea of guilty, Mr. Calhoun also fully demonstrated his acceptance of responsibility by cooperating with the Government over a three-year period as it conducted its investigation of Mr. Thompson and others.    As part of his cooperation, Mr. Calhoun met with agents of the FBI and with prosecutors on several occasions.  And, Mr. Calhoun testified truthfully before a grand jury convened in this district.   In the three years since his guilty plea was accepted, Mr. Calhoun has complied in all respects with the terms of his release pending sentencing.    In effect, Mr. Calhoun has already served what was essentially three years of supervision and has complied with all of the requirements imposed on him by the Court and the Probation Office.    The Court should keep this in mind as it considers and then imposes a fair sentence in this case.[1]

## III.    GUIDELINES AND BASIS FOR DOWNWARD DEPARTURE.

The Probation Office has calculated that Mr. Calhoun's Sentencing Guideline's Total Offense Level at 17.   This calculation is made after recognizing that Mr. Calhoun has accepted responsibility for his actions.   As such, the guideline range of sentences calls for a sentence between 24 and 30 months.   Of course, the Court cannot, on this plea, sentence Mr. Calhoun to any sentence in excess of 12 months so the guidelines issue is somewhat academic.   In addition, the guidelines being advisory, the Court is free to render any sentence that it believes is adequate.

---

[1] Mr. Calhoun is hopeful that the United States will move for a downward departure and join in this sentencing recommendation but as of the date of this filing, the Mr. Calhoun has not been able to ascertain the Government's positon.

There is no doubt that Mr. Calhoun recognizes the seriousness of the crime to which he entered a plea.   There is also no doubt that his conviction and sentence in this case will serve the purpose of adequate deterrence to criminal conduct.   18 U.S.C. §§ 3553(a)(2)(A) & (B).   There is no need for a sentence of active incarceration to deter others from making conduit contributions. The intense publicity that these cases, along with Mr. Calhoun's public plea of guilt, have generated has plainly put others on notice as to the illegality of conduit contributions and the likelihood of prosecution.    Finally, this Court can be assured that there is no reason for the Court to act so as to protect the public from further crimes by Mr. Calhoun who is 69 years old[2] and has no prior or subsequent criminal record.   18 U.S.C. § 3553(a)(2)(C).   Thus, application of the statutory standards supports a downward departure and a sentence of no incarceration.

## IV.    CONCLUSION.

Given Mr. Calhoun's personal characteristics, his age, his lack of criminal history and his extensive cooperation with the Government, Mr. Calhoun should not be sentenced to any term of active incarceration for this misdemeanor offense.   In addition, having complied in all regards with the terms of his release for over three years, there is no legal reason to impose any term of supervised release in this case.

Dated:   June 23, 2016                              Lee A. Calhoun
                                                    By Counsel,

---

[2] § 5H1.1 Age.

4

_____/S/_____
Edward B. MacMahon, Jr.
DC Bar No. 411165
2600 Pennsylvania Avenue, Suite 604
Washington, DC        20037
(202) 775-1307
(540)687-6366 (facsimile)
ebmjr@macmahon-law.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, I electronically filed the foregoing MEMORANDUM IN AID OF SENTENCING using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____/S/_____
Edward B. MacMahon, Jr.
Counsel for Defendant Lee A. Calhoun